** Summary **
EMPLOYEES ELIGIBLE TO RECEIVE MORE THAN ONE MERIT SALARY INCREASE IN A YEAR Pursuant to the provisions of 74 O.S. 817.3 [74-817.3] (1971), only those classified employees below the fourth step of a salary range are eligible to receive more than one merit salary increase per year. The Attorney General has received your request for an opinion wherein you state the Oklahoma Employment Security Commission's interpretation of subsection (g) of Title 74 O.S. 817.3 [74-817.3](g) (1971) as the following: "Permanent employees below the fourth step in any salary range may continue to receive salary increases at six-month intervals. Individuals at the fourth step of any salary range will not be eligible to receive more than one salary increase per year." You then ask, in effect, the following question: Is the Commission's interpretation of subsection (g) of Title 74 O.S. 817.3 [74-817.3] (1971) correct? Title 74 O.S. 817.3 [74-817.3](g) (1971), subsection (g) provides: "Merit increases for classified employees, beyond the third step of any salary range, shall not be given in intervals of less than one (1) year." Subsection (h) of the same statute provides: "No employee in classified service shall be granted more than one merit increase within one twelve-month period if the amount of such increase is Fifty Dollars ($50.00) or more, monthly. This provision shall include both regular merit increases and increases for exceptionally meritorious services." In stating that merit increases beyond the third step of any salary range shall not be given classified employees in intervals of less than one year, it is clear the Legislature provided that said employees who are at the third step of a salary range can receive more than one salary increase per year, provided that each increase is less than Fifty Dollars ($50.00) monthly. Those employees receiving a merit increase beyond the third step of the salary range, the fourth step or higher, are limited to one merit salary increase per year. As stated by the Court in McVicker v. Board of County Com'rs. of Caddo, 442 P.2d 297, 302 (Okl. 1968) in quoting from State ex rel. Ogden v. Hunt, 286 P.2d 1088, 1091
(Okl. 1955): " 'All courts recognize that if the wording of a provision of a statute or constitution is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretative devices to fabricate a different meaning.' " Subsections (g) and (h) of Section 817.3 do not contain any ambiguity or vagueness and the intent derived from the plain meaning of the language used is controlling. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Pursuant to the provisions of 74 O.S. 817.3 [74-817.3] (1971), only those classified employees below the fourth step of a salary range are eligible to receive more than one merit salary increase per year. (Mike D. Martin)